STATE of Tennessee, Plaintiff in Error,

v.

Thomas EAST et al., Defendants in Error.

Court of Criminal Appeals of Tennessee.

June 22, 1972.

Certiorari Denied by Supreme Court Sept. 18, 1972.

David M. Pack, Atty. Gen., C. Hayes Cooney, Asst. Atty. Gen., Nashville, Baxter Key, Jr., Dist. Atty. Gen., Carthage, for plaintiff in error.

William F. Durham, Gallatin, for East & Williams.

J. H. Reneau, Jr., J. H. Reneau, III, Celina, for Ward.

James Donoho, Hartsville, for Burton.

OPINION

RUSSELL, Judge.

The single question presented by this appeal-in-error by the State from the sustaining of Pleas in Abatement to the presentment is whether or not the pleas came too late. No argument is made that the grand jury returning the presentment was properly constituted. The trial judge found, apparently without question, that the grand jury was not empaneled from a proper cross-section of the citizenry of Trousdale County.

Everyone concedes that such pleas must come at the earliest opportunity. Bonds v. State, 220 Tenn. 555, 421 S.W.2d 87 (1967).

The presentment was returned on March 22, 1971. The case came on for trial almost immediately, on March 24, 1971. However, the State was forced to move for a continuance because of a sick witness, and the case was re-set for April 26, 1971. On said date a motion to quash the special venire was made, taken under advisement, and sustained on April 28, 1971. On June 4, 1971, the pleas in abatement were filed; and the case came on for hearing upon same on July 19, 1971. The trial judge took the matter under advisement, and sustained same on July 26, 1971. The State appealed.

It doesn't appear that these defendants ever entered general issue pleas. Court was in session only infrequently in Trousdale County. It appears that at the first calling of this case after the special trial venire was quashed that this question was properly before the court. We do not believe that the mere passage of 73 days from the return of the presentment until the filing of the pleas in abatement ipso facto made them too late. It appears that they were filed at the earliest opportunity, considering when the defect in the proceedings was discovered (at the time the motion to quash the special venire on April 26th).

Affirmed.

MITCHELL and O'BRIEN, JJ., concur.